IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael E. Davison, | ) C/A No.:2:07-1042-TLW-RSC |
| Plaintiff, | ) |
| vs. | ) |
| J.C. Brown; Bernard McKie; Jane Doe (1); Jane Doe (2); and Jane Doe (3), | ) |
| Defendants. | ) |

**ORDER**

The plaintiff, Michael E. Davison ("plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Lee Correctional Institute ("LCI"), a facility of the South Carolina Department of Corrections ("SCDC") and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as defendants. Plaintiff claims his due process rights were violated during a disciplinary hearing held on December 21, 2006.

Magistrate Judge, Robert S. Carr, to whom this case was previously assigned, prepared a Report and Recommendation, recommending this Court dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. (Doc. #8). At the time the magistrate judge prepared the Report, a "favorable determination on the merits of the plaintiff's § 1983 claim would require a finding that his prison disciplinary hearing was invalid and would, thus, imply invalidity of the punishment imposed." (Doc. #8). According to Heck v. Humphrey, 512 U.S. 477, 487 (1994), "[W]hen a prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the

conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477 (1994). Thus, the conclusion reached by the magistrate judge, that the case be dismissed, was well reasoned and appropriate as the facts existed at that time. However, the plaintiff is now able to demonstrate that the conviction or sentence is invalid. (Doc. #14) Thus, under these circumstances this Court should allow the plaintiff to amend his complaint.[1]

Based on the foregoing, this Court declines to accept the Report and Recommendation (Doc. #8), and grants the plaintiff's motion to amend his complaint.

**IT IS SO ORDERED.**

S/Terry L. Wooten
Terry L. Wooten
United States District Judge

Florence, South Carolina

April 28, 2008

---

[1] The Court treats the filing of the plaintiff's special notice to the court (Doc. #14) and the amended complaint (Doc. #15) as a motion to amend the complaint.